IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT R. SHELBY BINION, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | ACTION NO.: 2:16cv936-MHT-SRW |
| | ) | |
| GLENN MCGRIFF, Circuit Clerk of Chilton County, Alabama, et al., | ) ) | |
| | ) | |
|    Defendants. | ) | |

### **ORDER**[1]

This case is before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and motion for a hearing. *See* Doc. 3; Doc. 5. Because plaintiff has requested leave to proceed *in forma pauperis*, the court is required to undertake a review of plaintiff's complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs the court to dismiss any action in which it determines that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). The plaintiff's complaint, even liberally construed, does not assert a basis for the court's subject matter jurisdiction or state any legal causes of action,[2] and

---

[1] Senior United States District Judge Myron H. Thompson referred this matter to the undersigned Magistrate Judge to enter a ruling or recommendation on all pretrial matters pursuant to 28 U.S.C. § 636(b). *See* Doc. 4.

[2] A party seeking to invoke federal jurisdiction must make "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A plaintiff who files his lawsuit in federal court bears the burden of demonstrating the court's subject matter jurisdiction. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 (11th Cir. 2010) (quoting *McNutt v. General Motors Acceptance Corp. of Indiana*,

the plaintiff does not allege any wrongdoing by the named defendants. Also, the complaint does not comply with the Federal Rules of Civil Procedure and, as a result, the court is prevented from undertaking its required review under § 1915(e). Thus, plaintiff must file an amended complaint if he wishes to proceed with this action. The court will grant plaintiff's motion for leave to proceed *in forma pauperis* and, once the complaint is amended, it will conduct a § 1915(e) review of the amended complaint.

The plaintiff, who proceeds *pro se*, sues defendants Glenn McGriff, Circuit Clerk of Chilton County, Alabama; Chilton County Probate Judge Robert M. Martin; and Chilton County Sheriff John Shearon. *See* Doc. 1, Doc. 1-1 at 1. While the court cannot be certain about and, therefore, makes no findings on this point, the defendants apparently are sued in their official capacities as "election officials," and not in their individual capacities. *Id.*

Plaintiff alleges, *inter alia*, that he was "a candidate for County Commission" and "all" votes cast by African American voters in Chilton County, Alabama, on November 8, 2016, were "knocked out" due to "machine malfunctions, voter fraud [and] tampering with votes, [and] marking ballots." Doc. 1 at 1. Plaintiff unsuccessfully petitioned the "Canvassing Board" for a recount prior to filing this lawsuit. *See id.* at 3-4; Doc. 1-1. The defendants are allegedly members of the Canvassing Board. *See id.* In summary, plaintiff

---

298 U.S. 178, 189 (1936)) ("The prerequisites to the exercise of jurisdiction … must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction."). The court must satisfy itself that it has subject matter jurisdiction over every lawsuit on its docket. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte*[.]").

alleges that all African Americans who voted in Chilton County, Alabama, during the November 8, 2016 election were disenfranchised by these defendants.

     Plaintiff filed two complaints on December 2, 2016 to commence this civil action, and both complaints are docketed as a single entry in the court's record. *See* Doc. 1. The complaints assert identical factual allegations and name the same defendants. The difference between the documents – which are dated November 25, 2016 and December 2, 2016, respectively – is found in the plaintiff's requests for relief.  In the complaint dated December 2, which is a form complaint that the Clerk of Court provides to *pro se* litigants, plaintiff demands judgment against the defendants in the amount of $5,000,000.00. *See id.* at 2. In the November 25 complaint, the plaintiff seeks injunctive relief. *See id.* at 3. Courts are required to construe a *pro se* litigant's pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is "to be liberally construed," *Estelle* [*v. Gamble*], 429 U.S. [97], at 106, 97 S.Ct. 285 [(1976)], and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers, *ibid.*"). In keeping with that maxim, the court reads the two complaints as a single pleading in which the plaintiff demands monetary and injunctive relief against the defendants.

     That said, plaintiff does not state any legal claims in his pleadings; rather, he asserts factual allegations and demands monetary and injunctive relief. A plaintiff is required to set out legal claims in the complaint. *See* Fed. R. Civ. P. 8. The complaint hints at claims, but the court will not address claims that are not expressly pled in accordance with the Federal Rules of Civil Procedure – in this instance, Rules 8, 9, and 10. For example, there

are insufficient allegations to establish that plaintiff has standing to assert claims, brought under 42 U.S.C. § 1983, for a violation of plaintiff's right to equal protection under the law as secured by the Fourteenth Amendment[3] or a violation of the plaintiff's right to vote under the Fifteenth Amendment.[4] Furthermore, plaintiff's allegations suggest a possible claim under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301(a) – (b).  Section 2 "forbids any 'standard, practice, or procedure' that 'results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color,'" and in some cases "individuals have sued to enforce" Section 2. *Shelby County, Ala. v. Holder*, __ U.S. __, 133 S. Ct. 2612, 2619 (2013) (citation omitted). Plaintiff alleges that all African American votes were "knocked out" in Chilton County. However, the plaintiff does not actually plead a Section 2 claim nor does he allege sufficient facts to show that he has standing to bring such a claim against these defendants.[5]

---

[3] "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted).

[4] "The Fifteenth Amendment … provides that '[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude,' and it gives Congress the 'power to enforce this article by appropriate legislation.'" *Shelby County, Ala. v. Holder*, 133 S. Ct. 2612, 2619 (2013) (bracketed text in original).

[5] To bring suit in federal court, a plaintiff must establish three elements as to each defendant: (1) an injury in fact – that is, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of – in other words, the injury must be fairly traceable to the challenged action of defendants, and not the result of the independent action of some third party not before the court; and (3) a likelihood, as opposed to a merely speculative chance, that the injury will be redressed by a favorable decision of the court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-62 (1992). "Failure to establish any one [of the three standing elements] deprives the federal courts of jurisdiction to hear the suit*." Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002); *see also Delta Commercial Fisheries Association v. Gulf of Mexico Fishery Management Council*, 364 F.3d 269, 273 (5th Cir. 2004).

Moreover, the plaintiff does not assert that any of the averred acts of wrongdoing which allegedly disenfranchised all of the African-American voters of Chilton County were committed by the named defendants, and the complaint is missing allegations of fact that indicate that plaintiff's complaints can be redressed against these defendants. In addition, to the extent that plaintiff is suing defendants McGriff and Martin for acts carried out in their judicial capacities, those defendants may be entitled to judicial immunity.[6] Also, to the extent Plaintiff is suing defendant Shearon for acts carried out in his official capacity, he may be entitled to qualified immunity.

The plaintiff will be afforded an opportunity to file an amended complaint that establishes this court's subject matter jurisdiction and sets out allegations of fact and legal claims in a manner that is consistent with the Federal Rules of Civil Procedure, and especially Rules 8, 9, 10 and 11, as applicable. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)) ("Leave to amend should be liberally granted when necessary in the interest of justice. … '[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Burger King Corp.*,

---

[6] The Supreme Court has held that Section 1983 did not abrogate the common law doctrine of judicial immunity. *See*, *e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The Eleventh Circuit has confirmed the same with respect to civil rights claims brought pursuant to Section 1985(3). *See Scott v. Hayes*, 719 F.2d 1562, 1564 (11th Cir. 1983). "[O]ther appellate courts have uniformly ruled the same with respect to Section 1986." *Muhammad v. Bethel-Muhammad*, 2012 WL 1854564, at *4, n.10 (S.D. Ala. May 21, 2012) (citing *Glasspoole v. Albertson*, 491 F.2d 1090, 1091 (8th Cir. 1974); *McDonald v. Lawhorn*, 98 F. App'x 358, 360 (6th Cir. 2004).

169 F.3d at 1319 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

In filing an amended complaint, plaintiff is cautioned that he may not state any claim in a conclusory manner. There must be a factual and legal basis for each claim, and these must be clearly and concisely stated in the amended complaint.[7]

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citation and ellipsis omitted). Therefore, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S. Ct. at 1965. Further, the allegations in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10 provides that the complaint also must "state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

---

[7] Rule 11 provides in part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery... .

Fed. R. Civ. P. 11(b). "Rule 11 applies to *pro se* plaintiffs[.]" *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010) (citing *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989)). A failure to adhere to Rule 11 can lead to the imposition of sanctions against the offending party, including monetary sanctions. *See id.*

*Marshall v. Aryan Unlimited Staffing Solution/ Faneuil Inc./ Mac Andrews Holding, Faneuil Inc./ Mac Andrews & Forbs Holding*, 599 F. App'x 896, 898 (11th Cir. 2015).

Plaintiff is advised that his amended complaint will entirely supersede all prior complaints. *See Pintando v. Miami–Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007); *Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that under the Federal Rules of Civil Procedure an amended complaint supersedes the original complaint). Once a complaint is amended, the only issues before the court are those raised in the amended document, and the plaintiff will not be permitted to rely upon or to incorporate by reference his prior pleadings.

Accordingly, it is hereby

**ORDERED** that plaintiff shall file, on or before **August 30, 2017**, an amended complaint which complies with Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and sets forth the following: which of plaintiff's constitutional or statutorily protected rights were violated by defendants' actions; defendants' specific actions resulting in such alleged violations; and the relevant dates of all such actions.

Plaintiff is advised that his failure to file an amended complaint, as ordered, or otherwise to abide by this or any other order of the court, may result in the undersigned's recommendation that this matter be dismissed.

In addition, the court wishes the plaintiff to understand fully the limited nature of being allowed to proceed *in forma pauperis*, which only permits the plaintiff to commence this suit without prepayment of fees and court costs. The plaintiff should understand that he may incur expenses as a result of the prosecution of this case. In the event of a trial, the

7

plaintiff may compel the attendance of witnesses through subpoena only by tendering to each witness payment of a one-day witness fee plus mileage. Also, court costs, which vary, but which can be very substantial, are normally assessed against the losing party. This means that a plaintiff who loses a case, even though proceeding *in forma pauperis*, may be charged with, and obligated to pay, all court costs.

Now, having advised the plaintiff of the possible expense of litigation, the court

**ORDERS** that the motion for leave to proceed *in forma pauperis*, *see* Doc. 3, be and is hereby **GRANTED**. The Clerk of Court is **DIRECTED** to hold service of process until further order of the court following the court's § 1915(e) review of the plaintiff's amended complaint.

Furthermore, it is

**ORDERED** that the plaintiff's motion for a hearing, *see* Doc. 5, is **DENIED**.

DONE, on this the 9th day of August, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

8