IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT R. SHELBY BINION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   ACTION NO.: 2:16cv936-MHT-SRW |
| | ) |
| GLENN MCGRIFF, Circuit Clerk of | ) |
| Chilton County, Alabama, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**[1]

In the case at bar, the plaintiff, who proceeds *pro se*,

alleges, *inter alia*, that he was "a candidate for County Commission" and "all" votes cast by African American voters in Chilton County, Alabama, on November 8, 2016, were "knocked out" due to "machine malfunctions, voter fraud [and] tampering with votes, [and] marking ballots." Doc. 1 at 1. Plaintiff unsuccessfully petitioned the "Canvassing Board" for a recount prior to filing this lawsuit. *See id.* at 3-4; Doc. 1-1. The defendants are allegedly members of the Canvassing Board. *See id.* In summary, plaintiff alleges that all African Americans who voted in Chilton County, Alabama, during the November 8, 2016 election were disenfranchised by these defendants.

Doc. 6 at 2-3. On August 9, 2017, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* and determined that it could not perform a thorough review of the plaintiff's claims as required by 28 U.S.C. § 1915(e) because the plaintiff's two complaints of record did not establish the court's subject matter jurisdiction, pled no legal

---

[1] Senior United States District Judge Myron H. Thompson referred this matter to the undersigned Magistrate Judge to enter a ruling or recommendation on all pretrial matters pursuant to 28 U.S.C. § 636(b). *See* Doc. 4.

claims, and lacked facts from which the court could discern its subject matter jurisdiction or any legal claims that the plaintiff may have intended to bring. *See id.* at 2-5. The court ordered the plaintiff to file an amended complaint demonstrating the court's subject matter jurisdiction and setting out the plaintiff's claims in accordance with Federal Rules of Civil Procedure 8, 9, 10 and 11, as applicable, on or before August 30, 2017. *See id.* at 5-7. The plaintiff was cautioned that failure to file an amended complaint may result in the dismissal of his lawsuit. *See id.* at 7. The plaintiff did not respond to the August 9, 2017 order, and he has taken no action in this case since he filed a motion for a hearing on January 12, 2017. *See* Doc. 5.

As discussed in the August 9, 2017 order, because there are insufficient allegations of record to invoke this court's subject matter jurisdiction, this case is due to be dismissed without prejudice. *See* Doc. 6 at 2-4. A plaintiff who files his lawsuit in federal court bears the burden of demonstrating the court's subject matter jurisdiction. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 (11th Cir. 2010) (quoting *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)) ("The prerequisites to the exercise of jurisdiction … must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction."). The court must satisfy itself that it has subject matter jurisdiction over every lawsuit on its docket. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it

is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte*[.]"). Without subject matter jurisdiction, a court "is powerless to continue … [and] the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (citation omitted). Because the plaintiff has not shown that this court has subject matter jurisdiction, the action must be dismissed.

In addition, because the plaintiff failed to comply with the court's order to file an amended complaint, and given the court's warning the plaintiff that failure to comply with the August 9, 2017 order may result in the dismissal of this cause, this action should be dismissed for lack of prosecution and for failure to obey a court order. *See*, *e.g.*, Fed. R. Civ. P. 41(b) (authorizing district courts to dismiss an action for failure to obey a court order); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("[D]istrict court[s] possesses the inherent power to police [their] docket[s]" and to prune out those cases left to languish by their litigants). Under the circumstances of this case, the court finds it appropriate to exercise its "inherent power" to recommend that the presiding District Judge "dismiss [plaintiff's claims] *sua sponte* for lack of prosecution." *Link*, 370 U.S. at 630; *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337.

## CONCLUSION AND RECOMMENDATION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

3

1. Plaintiff's cause be DISMISSED without prejudice for lack of subject matter jurisdiction.
2. In the alternative, plaintiff's cause be DISMISSED without prejudice for lack of prosecution in accordance with 28 U.S.C. § 1915(e)(2)(B)(iii).
3. This case be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

It is further ORDERED that **on or before October 19, 2017**, plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 5th day of October, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge